[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 24-12702

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

HENRI MANRIQUE ESTACIO,
a.k.a. Henry Manrique Estacio,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:21-cr-00044-WFJ-TGW-1

_____

Before BRANCH, ANDERSON, and HULL, Circuit Judges.

PER CURIAM:

Henri Manrique Estacio appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motions for a sentence reduction based on Amendment 821 to the Sentencing Guidelines. The district court determined that, although Estacio was eligible for a sentence reduction based on Amendment 821, a sentence reduction was not warranted in Estacio's case. After careful review, we affirm.

## I. BACKGROUND

### A.    Conviction and Sentence

In November 2021, Estacio pled guilty to conspiracy to distribute five or more kilograms of a mixture and substance containing cocaine, while upon the high seas onboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506(a)-(b). As part of his written plea agreement, Estacio admitted that he willingly agreed to smuggle approximately 30 kilograms of cocaine through international waters and then distribute the cocaine.

According to the undisputed facts established at sentencing, in January 2021, Estacio and two codefendants boarded a "low-profile vessel" that was laden with cocaine in order to smuggle the cocaine through international waters for further distribution. The United States Coast Guard intercepted and gained control of the vessel in international waters northwest of

Buenaventura, Colombia.  The vessel did not display any indicia of nationality, and ultimately the Coast Guard treated the vessel as without nationality and subject to the jurisdiction of the United States.

The Coast Guard team boarded the vessel and discovered incoming water.  Due to flooding, the boarding team was not able to search completely the interior of the vessel.  However, the boarding team observed 10 to 12 bales of suspected cocaine stacked inside the vessel.  The boarding team was able to seize one bale and to remove Estacio and his codefendants from the vessel but were unable to seize the remaining bales.  The boarding team determined the lone recovered bale contained 30 one-kilogram packages of suspected cocaine.

At sentencing, the district court calculated Estacio's base offense level at 32, pursuant to U.S.S.G. § 2D1.1(c)(4), based on the 30 kilograms of cocaine seized from the sinking vessel.  The district court then applied: (1) a two-level decrease in the offense level, pursuant to § 2D1.1(b)(18), because Estacio met the safety-valve-relief criteria in § 5C1.2; and (2) a three-level reduction for acceptance of responsibility, pursuant to § 3E1.1(a) and (b), for a total offense level of 27.

Because Estacio had no criminal convictions, the district court assigned him a criminal history score of 0 and a criminal history category I.  A total offense level of 27 and a criminal history category of I yielded an advisory guidelines range of 70 to 87

months' incarceration.    The district court imposed a 70-month sentence.

In pronouncing the sentence, the district court observed that Estacio "caught a bit of a break" because the amount of cocaine he was smuggling was "probably a lot more cocaine than the . . . 30 kilos that were retrieved." The district court concluded a 70-month sentence was sufficient, even though it was "probably a little bit light given that we may have had ten times the amount of cocaine here than what the defendant got tagged with."

## B.    Section 3582(c)(2) Motion Based on Amendment 821

In November 2023, Estacio filed a *pro se* 18 U.S.C. § 3582(c)(2) motion.    After the district court appointed counsel, Estacio, through counsel, filed a second, unopposed § 3582(c)(2) motion.

Both § 3582(c)(2) motions were based on Amendment 821, which went into effect on November 1, 2023. *See* U.S.S.G. Supp. app. C, amend. 821 (2023).[1]  Amendment 821, among other things, added U.S.S.G. § 4C1.1, entitled "Adjustment for Certain Zero-Point Offenders." *See id.* amend. 821, pt. B, subp. 1.  The new guideline provides for a two-level decrease in a defendant's offense level if the defendant does not receive any criminal history points

---

[1] While Amendment 821 went into effect in November 2023, Amendment 825 provided that the courts "shall not order a reduced term of imprisonment based on . . . Part B, Subpart 1 of Amendment 821 unless the effective date of the . . . order is February 1, 2024, or later."  *See* Supp. app. C, amend. 825 (2023); U.S.S.G. § 1B1.10(e)(2).

under Chapter 4, Part A and satisfies various other criteria. *See* U.S.S.G. § 4C1.1(a). Amendment 825 made the § 4C1.1(a) portion of Amendment 821 retroactively applicable under § 1B1.10(d). *See* U.S.S.G. Supp. app. C, amend. 825 (2023).

Estacio's § 3582(c)(2) motions argued that he was eligible for relief under Amendment 821 and that the 18 U.S.C. § 3553(a) sentencing factors supported a sentencing reduction. Estacio pointed out: (1) his lack of criminal history and his acceptance of responsibility; (2) his difficult background in Colombia before he was approached to participate in the offense, including his financial struggles and the deaths of two of his children; and (3) his "almost spotless disciplinary record" in prison, noting he had received only one disciplinary report for being absent from assignment.

On August 13, 2024, the district court denied Estacio's § 3582(c)(2) motions for a sentence reduction. First, the district court determined that Amendment 821 was a retroactive amendment to the Sentencing Guidelines that lowered Estacio's guidelines range consistent with the applicable policy statement, U.S.S.G. § 1B1.10. Next, the district court calculated Estacio's amended offense level as 25, his criminal history category as I, and his amended advisory guidelines range as 57 to 71 months' incarceration. This was lower than Estacio's original range of 70 to 87 months.

The district court concluded, however, that the § 3553(a) sentencing factors weighed against a sentence reduction. The district court described Estacio's offense as a "massive Colombian

marine cocaine smuggling crime." It noted that Estacio "received a massive break" at his original sentencing because Coast Guard agents were unable to seize 10-12 additional bales of cocaine due to the vessel flooding. The district court found that because Estacio "was only charged with less than 10% of what he smuggled," he essentially received a "big reduction" in sentencing and that any further reduction "would impair statutory consideration of the need to reflect the seriousness of the offense behavior."

## II. DISCUSSION

### A.    Standard of Review

We review the district court's decision to deny an eligible defendant's § 3582(c)(2) motion for a sentence reduction "only for abuse of discretion." *United States v. Caraballo-Martinez*, 866 F.3d 1233, 1238 (11th Cir. 2017). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making its determination, or makes clearly erroneous factual findings." *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021).

### B.    Section 3582(c)(2)

A district court may modify a defendant's term of imprisonment if the defendant was sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). This authority is limited to those guidelines amendments, like the portions of Amendment 821 pertinent here, that are "listed in U.S.S.G. § 1B1.10[(d)] that have the effect of lowering the defendant's

applicable guideline range." *United States v. Williams*, 557 F.3d 1254, 1256 (11th Cir. 2009) (addressing § 1B1.10(c), later amended to § 1B1.10(d)) (quotation marks omitted); *see* U.S.S.G. § 1B1.10(d) (listing Part B, subpart 1 of Amendment 821).

In considering a § 3582(c)(2) motion for a sentence reduction, a district court engages in a two-step process of: (1) recalculating the advisory guidelines range using the amended guideline; and (2) deciding whether, in its discretion, it should reduce the defendant's sentence considering the § 3553(a) factors.[2] *United States v. Bravo*, 203 F.3d 778, 780-81 (11th Cir. 2000); *Williams*, 557 F.3d at 1256. "The district court is not required to articulate the applicability of each factor, as long as the record as a whole demonstrates that the pertinent factors were taken into account." *Williams*, 557 F.3d at 1256 (quotation marks omitted). Further, the weight given to each factor is within the district court's sound discretion, and it may attach great weight to one factor over the others. *United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022).

---

[2] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; (3) the need for adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with education and vocational training and medical care; (6) the kinds of sentences available; (7) the advisory guidelines range; (8) the pertinent policy statements from the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities among defendants; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

The district court also considers whether the defendant poses a threat of safety to any person or the community. U.S.S.G. § 1B1.10, cmt. n.1(B)(i)-(ii). The district court "may" consider the defendant's post-sentencing conduct, but the decision of whether to reduce a defendant's sentence lies within the sound discretion of the district court. *United States v. Doyle*, 857 F.3d 1115, 1121 (11th Cir. 2017); *Williams*, 557 F.3d at 1256-57; U.S.S.G. § 1B1.10, cmt. n.1(B)(III).

## C.    Estacio's Claim

The parties agree that Estacio was eligible for a reduction under Amendment 821 and raise no issue as to the first step—recalculation of Estacio's advisory guidelines range to 57 to 71 months. Thus, the only question is whether the district court abused its discretion in deciding not to impose a lower sentence in light of that amended guidelines range of 57 to 71 months. We conclude the district court did not.

In declining to exercise its discretion to reduce Estacio's 70-month sentence, the district court stated that its decision was guided by the § 3553(a) factors. The district court pointed out that Estacio already had received a "massive break" on his sentence because the Coast Guard was unable to seize the other ten-to-twelve bales of cocaine from the sinking vessel and concluded that any further reduction in Estacio's sentence would impair the need for his sentence to reflect the seriousness of his drug offense, one of the relevant § 3553(a) factors. The district court's reason for

denying a sentence reduction is supported by the undisputed facts in the record.

Estacio argues the district court gave too much weight to the information known at the time of his original sentencing proceedings and failed to consider appropriately his post-sentencing rehabilitation, namely his good prison disciplinary record, which was highlighted in his counseled § 3582(c)(2) motion. The district court was not *required* to consider, much less give significant weight to, Estacio's post-sentencing rehabilitation. *See Doyle*, 857 F.3d at 1121; *Williams*, 557 F.3d at 1256-57. In any event, the fact that the district court did not mention Estacio's prison disciplinary record in its order denying the sentence reduction does not mean the district court failed to consider it. *See United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007) (explaining that the fact that a district court fails to discuss a mitigating fact does not indicate the district court "erroneously ignored" or "failed to consider" that evidence) (quotation marks omitted). The district court was within its broad discretion to assign great weight to the need for Estacio's sentence to reflect the seriousness of his offense. *See Butler*, 39 F.4th at 1355; *Williams*, 557 F.3d at 1257.

Estacio also argues that the district court failed to undertake an individualized assessment in considering his § 3582(c)(2) motions. Estacio cites other criminal cases in which the same district court judge denied § 3582(c)(2) motions based on Amendment 821 using "substantially similar" reasoning. But the

district court's order belies Estacio's claim, as it reflects that the court based its decision on the particular circumstances of Estacio's case. Specifically, the district court explained that although Estacio was involved in a large maritime drug smuggling conspiracy, his 70-month sentence was based on only a small portion, roughly 10 percent, of the drugs he was caught smuggling.

In sum, the record demonstrates that the district court considered the § 3553(a) factors and did not abuse its discretion in declining to reduce Estacio's 70-month sentence.

**AFFIRMED.**